[Civ. No. 5630.   Second Appellate District, Division One.—March 22, 1927.]

D. T. BLODGETT, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY et al., Respondents.

[1] TRIAL — ALLEGED REFUSAL OF COURT TO PROCEED — MANDAMUS— PLEADING.—A petition for a writ of mandate to require the superior court to proceed with the trial of an action will be denied where the amended petition fails to show that the alleged refusal of the court was arbitrary or without sufficient cause, and it may be assumed that on further request duly made the superior court will reset the cause for trial without any unnecessary delay.

---

(1) 38 C. J., p. 879, n. 85.

APPLICATION for Writ of Mandate to compel the Superior Court of Santa Barbara County to proceed with trial of an action. John L. Hudner, Judge Presiding. Writ denied.

The facts are stated in the opinion of the court.

D. T. Blodgett, *in pro. per.*, for Petitioner.

W. C. Gammill for Respondents.

THE COURT.—The gist of the case is shown by the following alleged facts: In respondent court an action is pending, wherein the petitioner as plaintiff sues one Green-

field to recover damages for libel. By order made on February 14, 1927, the case was set for trial for March 9, 1927, and it was further ordered that a jury be summoned for trial of the cause at that time. Said order was never vacated or modified. On March 9, 1927, petitioner "appeared in open court and demanded that said superior court proceed to try said cause as provided by the foregoing order, but said court refused and still refuses to try said cause."

[1] When the original petition herein was presented this court gave leave to petitioner to file an amendment to the petition for the purpose of showing the facts relating to the grounds or purported grounds and reasons of the court's refusal to proceed with the trial, or showing in any way that the court's refusal was without sufficient cause. The amendment, however, fails to show that the alleged refusal was arbitrary or without sufficient cause. Therefore we assume that on further request duly made respondent court will reset the cause for trial without any unnecessary delay. It is a just criticism, however, if such be the fact, that the court below allowed the cause to go over beyond March 9th, without entering any order relating to the case.

The petition for writ of mandate is denied.